JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 20-08550 PA (MRWx) | Date | September 18, 2020 |
|---|---|---|---|
| Title | Brittney Semanick v. State Auto Insurance Companies | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Before the Court is a Notice of Removal filed by defendant State Auto Insurance Company ("Defendant").  (Dkt. No. 1 ("Removal").)  Defendant asserts this Court has jurisdiction over the action brought against it by plaintiff Brittney Semanick ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

      In an effort to establish the Court's diversity jurisdiction, Defendant's Notice of Removal states "Plaintiff alleges that she resides in Indiana and maintains a domicile there. (Compl. ¶¶ 15, 28, 31(a), 31(d), 32, 33.)  Accordingly, Plaintiff is a citizen of Indiana for purposes of diversity jurisdiction."  (Removal ¶47.)  Plaintiff's Complaint alleges the following:

      •     "Plaintiff "was a resident of Indiana."

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-08550 PA (MRWx) | Date | September 18, 2020 |
|---|---|---|---|
| Title | Brittney Semanick v. State Auto Insurance Companies | | |

- - "Plaintiff is the biological child of the policy holders [and] [o]n the date of the incident [Plaintiff] was a resident of [her parent's] household in Highland, Indiana, where she maintained a physical presence, had unrestricted access, and relied on the household as a place of abode of some permanency where she had intent to reside and return."

- - Plaintiff considered "her parents' Indiana home to be her residence," "she routinely stayed at her parent's home several times a year," [s]he did not consider California to be her permanent State of residence," "[s]he was licensed in Indiana," [and] "[s]he received all of her routine medical/dental care in Indiana."

- - Plaintiff maintained "concurrent residency at her parent's household in Indiana."

- - Defendant denied Plaintiff's claims and "ignored all facts establishing her separate residency at her parent's household."

(Compl. ¶¶ 15, 28, 31(a), 31(d), 32, 33.)

Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations concerning the citizenship of Plaintiff, based on allegations of residence, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Here, Defendant has not affirmatively alleged Plaintiff's citizenship, and instead relies on Plaintiff's allegations of residence in an attempt to establish citizenship. As a result, Defendant's allegations related to Plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction. See Jacqueline B. v. Rawls Law Group, P.C., 20-cv-01478, 2020 WL 2176783, at *2 (C.D. Cal. Feb. 18, 2020) (remanding where defendant attempted to remove based on allegations of residence).

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 20STCV20627, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.